UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00661-RJC
(3:19-cr-00280-RJC-DSC-1)

| | |
|---|---|
| CLEVEN SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.   BACKGROUND**

From March to May 2019, Petitioner Cleven Scott ("Petitioner") sold cocaine and crack cocaine to an undercover officer on five different occasions. [CR Doc. 23 at ¶¶ 13-17: Presentence Investigation Report (PSR)]. The final of these five transactions occurred on May 7, 2019. Petitioner agreed to sell the undercover officer nine ounces of crack cocaine for $10,000. [Id. at ¶ 17]. When Petitioner did not arrive for the deal, the undercover officer called him. Petitioner explained that he was waiting for his source. Petitioner called back later to tell the undercover officer that he would not be able to cook the cocaine into crack in time for the deal. The officer agreed to buy the powder cocaine instead and Petitioner drove to the agreed location with a

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00661-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:19-cr-00280-RJC-DSC-1.

passenger in his car. Petitioner gave the undercover officer 247.86 grams of cocaine and officers arrested Petitioner. Petitioner was carrying two cell phones and the money the undercover officer had given him. [Id.]. Officers found a loaded firearm in the center console of Petitioner's car, inside a Crown Royal bag. [Id. at ¶ 18]. Officers also found what appeared to be marijuana and an additional 9.72 grams of cocaine in the car. [Id.]. Petitioner had two more loaded firearms at his home, one under his pillow and another on a stool next to the closet in his bedroom. [Id. at ¶ 19].

Petitioner waived his Miranda rights and told detectives about the firearms. [Id. at ¶ 20]. He admitted that he bought the firearm in his car off the street because it fit in his hand and he needed it for protection during drug transactions. [Id.]. Petitioner also conceded that he knew he was not supposed to have a firearm. [Id.].

On September 18, 2019, Petitioner was charged in a Bill of Indictment with three counts of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Counts One, Three, and Five); two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Counts Two and Four); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six); and two counts of possession of a firearm by a convicted felon (Counts Seven and Eight). [CR Doc. 1: Bill of Indictment]. Petitioner was arrested on October 4, 2019 and the Court appointed counsel for him at his initial appearance a few days later. [10/4/2019 & 10/7/2019 Docket Entries].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts Two, Five, and Six and the Government agreed to dismiss Counts One, Three, Four, Seven, and Eight. [CR Doc. 12 at ¶¶ 1-2: Plea Agreement]. Petitioner stipulated that there was a

2

Case 3:19-cr-00280-RJC-DSC    Document 36    Filed 04/05/22    Page 2 of 9

factual basis for his guilty plea, that he had read it and understood it, and that the factual basis could be used by the Court and the United States Probation Office to determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a). [Id. at ¶ 11; see CR Doc. 14 at ¶ 31: Entry and Acceptance of Guilty Plea]. Petitioner also agreed that the facts set forth in the factual basis were sufficient to establish all the elements of the crimes. [CR Doc. 13: Factual Basis]. As to Count Six, the factual basis provided:

> On May 7, 2019 in Mecklenburg County, within the Western District of North Carolina, [Petitioner] knowingly and unlawfully possessed a firearm, that being a Ruger, model EC9S, 9mm caliber pistol, in furtherance of a drug trafficking crime, Possession with Intent to Distribute a Controlled Substance (cocaine).

[Id. at 2].

On January 24, 2020, Petitioner pleaded guilty in accordance with the plea agreement. At the plea hearing, represented by counsel, Petitioner testified that he understood that he was under oath and required to give truthful answers to the questions asked by the Court. [CR Doc. 14 at ¶ 1]. Petitioner testified that he had received a copy of the Indictment and that he had discussed it with his attorney. [Id. at ¶ 8]. The Court reviewed the charges, including the minimum and maximum penalties, and Petitioner testified that he understood them. [Id. at ¶ 9]. Petitioner confirmed that he was, in fact, guilty of the charges to which he was pleading guilty. [Id. at ¶ 24].

The terms of the plea agreement were reviewed, and Petitioner testified that he understood them. [Id. at ¶ 26]. Petitioner also testified that he had read the factual basis, understood it, and agreed with it. [Id. at ¶ 31]. Petitioner testified that he was satisfied with the services of his lawyer in this case. [Id. at ¶ 35]. Petitioner's attorney then attested that she had reviewed all terms of the plea agreement with Petitioner, and that she was satisfied that Petitioner understood them. [Id. at ¶ 39]. Thereafter, the Court found that Petitioner's guilty plea was "knowingly and voluntarily

3

made" and "that [Petitioner] understands the charges, and the potential penalties and consequences of his plea." [Id. at p. 4]. The Magistrate Judge then accepted Petitioner's guilty plea. [Id.]. Petitioner was sentenced to terms of imprisonment of 60 months on Counts Two and Five, to run concurrently, and a term of 60 months on Count Six, to be served consecutively, for a total term of 120 months.[2] [CR Doc. 27 at 2: Judgment]. Petitioner appealed his conviction and sentence, but his appeal was later dismissed for his failure to prosecute. [CR Docs. 29, 33-1].

Petitioner timely filed the instant motion to vacate under § 2255. [CV Doc. 1]. As grounds for his § 2255 motion, Petitioner claims his attorney provided ineffective assistance of counsel because she did not explain to Petitioner that he was not in possession of a firearm at his last drug transaction and, had he known, he would not have pleaded guilty.[3] [Id. at 4]. Petitioner does not claim innocence or request a trial. Rather, he requests that the five-year consecutive sentence for Count Six "be dropped." [Id. at 12]. The Government, on this Court's Order, timely responded to Petitioner's motion to vacate. [CV Doc. 4]. Petitioner did not reply.

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments

---

[2] The PSR prepared before sentencing noted that Petitioner would have qualified as an Armed Career Criminal and been subject to a 15-year minimum term of imprisonment if he had been convicted on Counts Seven and Eight. [CR Doc. 23 at ¶ 116].

[3] Petitioner also claims that his attorney was ineffective for failing to file a notice of appeal. [CV Doc. 1 at 4]. Petitioner's counsel did, however, timely file a notice of appeal. The Court, therefore, will deny and dismiss this claim.

4

presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).  Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  In evaluating claims under § 2255, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a

5

Case 3:19-cr-00280-RJC-DSC   Document 36   Filed 04/05/22   Page 5 of 9

"formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Here, Petitioner claims that the Judge stated at sentencing that Petitioner "clearly … was NOT in possession of a gun during [his] last drug transaction" and that he, the Petitioner, would not have pleaded guilty had his attorney "explained Count 6 to [him]."[4] [CV Doc. 4]. To begin, these vague and conclusory assertions are insufficient to establish a claim of ineffective assistance

---

[4] At sentencing, defense counsel noted that Petitioner left the firearm in his car while he conducted the drug transaction, but also admitted that this was not a defense to the charge. [CR Doc. 35 at 5: Sentencing Tr.]. The Court did not comment on Petitioner's possession of the firearm.

6

in the first instance and this claim is subject dismissal on this ground alone.  See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).

Petitioner has also waived this claim of pre-plea ineffectiveness after having pleaded guilty knowingly and voluntarily.  See Fields, 956 F.2d at 1294-96.  Furthermore, the alleged facts underlying Petitioner's claim on this ground directly contradict Petitioner's sworn testimony at his plea hearing.  See Lemaster, 403 F.3d at 221.  Petitioner represented under oath that he discussed the Indictment with his attorney, that he understood the charges, and that he is guilty of the charges to which he pleaded guilty.  Petitioner testified that he agreed with the factual basis, which included a factual basis for Count Six.  Petitioner, absent extraordinary circumstances, remains bound by those sworn statements.  Id.

Regardless, Petitioner cannot show deficient performance.  The facts, including Petitioner's own admission, show that he possessed the firearm in his car in furtherance of his drug trafficking crime.  After he was arrested, Petitioner admitted buying the subject firearm because he needed it for protection during drug transactions and it was in his car when he arrived to sell cocaine to the undercover officer.  [CR Doc. 23 at ¶¶ 18, 20].  The firearm was loaded, and Petitioner had more drugs in the car.  [Id. at ¶ 18].  There was sufficient evidence to show Petitioner's possession of a firearm in furtherance of a drug trafficking offense.  See United States v. Moore, 769 F.3d 264, 269-70 (4th Cir. 2014) (holding sufficiently close nexus between firearms and drugs existed to support § 924(c) conviction); United States v. Squirewell, 346 Fed. App'x 959, 961 (4th Cir. 2009) (holding evidence sufficient to support § 924(c) charge where a gun was found next to a box containing drugs that was in defendant's care the same date he admitted to purchasing and selling drugs).

Finally, Petitioner has not and cannot shown prejudice. Petitioner does not seek to withdraw his guilty plea and proceed to trial. Rather, he requests only that his five-year sentence on Count Six be set aside. See Meyer, 506 F.3d at 369. Moreover, proceeding to trial would not have been objectively reasonable given the substantial evidence against Petitioner and the fact that he would have faced a mandatory minimum 15-year sentence as an Armed Career Criminal, five years more than the sentence he received. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) ("The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts.").

In sum, because Petitioner cannot show deficient performance or prejudice, his ineffective assistance claims will be dismissed. See Strickland, 466 U.S. at 687-88.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

8

Case 3:19-cr-00280-RJC-DSC   Document 36   Filed 04/05/22   Page 8 of 9

Finally, Petitioner has not and cannot shown prejudice. Petitioner does not seek to withdraw his guilty plea and proceed to trial. Rather, he requests only that his five-year sentence on Count Six be set aside. See Meyer, 506 F.3d at 369. Moreover, proceeding to trial would not have been objectively reasonable given the substantial evidence against Petitioner and the fact that he would have faced a mandatory minimum 15-year sentence as an Armed Career Criminal, five years more than the sentence he received. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) ("The challenger's subjective preferences, therefore, are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts.").

In sum, because Petitioner cannot show deficient performance or prejudice, his ineffective assistance claims will be dismissed. See Strickland, 466 U.S. at 687-88.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: April 5, 2022

Robert J. Conrad, Jr.
United States District Judge